1  **CALIFORNIA CIVIL RIGHTS LAW GROUP**
   **Law Offices of Lawrence A. Organ**
2  LAWRENCE A. ORGAN (SBN 175503)
   ROBERT J.A. FORDIANI (SBN 256041)
3  407 San Anselmo Avenue, Suite 201
   San Anselmo, CA 94960
4  T. 415.453.4740
   F. 415.785.7352
5  larry@civilrightsca.com
   rob@civilrightsca.com
6
   Attorneys for Plaintiff
7  Victoria Stowers

**FILED**

JUN 07 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8        UNITED STATES DISTRICT COURT

9      FOR THE DISTRCIT OF NORTHERN CALIFORNIA

10

11  VICTORIA STOWERS, an individual

12

13        Plaintiff,

14

15  vs.

16

17

18  WINCO FOODS LLC, WINCO
    HOLDINGS, INC., WINCO FOODS
19  FOUNDATION, INC. and DOES 1 through
    50, inclusive,
20

21        Defendants.

22

23

24

25

26

27

28

CASE NO.: **CV 13 2631**

COMPLAINT FOR DAMAGES FOR:

1. SEX DISCRIMINATION IN VIOLATION OF FEHA
2. DISABILITY DISCRIMINATION IN VIOLATION OF FEHA
3. FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA
4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA
5. RETALIATION IN VIOLATION OF FEHA
6. FAILURE TO GRANT OR INTERFERE WITH MEDICAL LEAVE IN VIOLATION OF CFRA/FMLA
7. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA
8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
9. DISABILITY DISCRIMINATION IN VIOLATION OF FEDERAL LAW
10. RETALIATION IN VIOLATION OF FEDERAL LAW
11. SEX DISCRIMINATION IN VIOLATION OF FEDERAL LAW

**JURY TRIAL DEMANDED**

1

PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1

2      Plaintiff VICTORIA STOWERS ("Plaintiff") complains against Defendant WINCO

3    FOODS LLC, WINCO HOLDINGS, INC., WINCO FOODS FOUNDATIONS, INC. ("WinCo"

4    or "Defendants") and Does 1 through 50, inclusive, due to harassment, retaliation and wrongful

5    termination that she suffered because she requested and took protective medical leave, as well as

6    complained of unlawful discrimination and harassment based on gender and medical

7    condition/disability. She demands a trial by jury of all issues and for causes of action alleges:

8

9                              **PARTIES AND JURISDICTION**

10      1. At all pertinent times mentioned herein Plaintiff was and is a resident of Contra Costa

11    County, State of California.

12      2. Plaintiff engaged in protected activity by complaining of harassing, discriminatory, and

13    retaliatory conduct based on her medical condition/disability and her sex/gender as a woman and

14    mother of three children – one of which is a special needs child due to autism.

15      3. Plaintiff also engaged in protected activity by requesting and taking protected medical

16    leave.

17      4. Plaintiff is a member of protected classes within the meaning of the California Fair

18    Employment and Housing Act ("FEHA"), California Government Code § 12920 *et seq.* Plaintiff

19    is female with various medical conditions and/or disabilities. Plaintiff opposed harassing,

20    discriminatory and retaliatory conduct directed at her on the basis of her membership in said

21    protected classes.

22      5. Plaintiff was employed by Defendant WinCo Foods LLC, Winco Holdings, Inc., and Does

23    1 through 50, a) for at least 12 months, b) for at least 1250 hours of service during a 12-month

24    period immediately preceding commencement of her medical leave, and c) at a worksite where the

25    employer employs at least 50 employees within 75 miles. As such, Plaintiff was an employee

26    eligible for medical leave under the California Family Rights Act ("CFRA") and/or the Family

27    Medical Leave Act ("FMLA").

28

2

1    6. Defendant WinCo Foods, LLC is a corporation doing business in and throughout the State

2 of California including Contra Costa County. WinCo is incorporated in Delaware and its principal

3 place of business is Idaho. Plaintiff is informed and believes that Defendant's principal place of

4 residence is Ada County, Idaho. Accordingly, WinCo is a citizen of the States of Delaware and

5 Idaho.

6    7. Defendant WinCo Holdings, Inc. is a corporation doing business in and throughout the

7 State of California including Contra Costa County. Defendant WinCo Holdings is incorporated in

8 Delaware and its principal place of business is Idaho. Plaintiff is informed and believes that

9 Defendant's principal place of residence is Ada County, Idaho. Accordingly, Defendant WinCo

10 Holdings is a citizen of the States of Delaware and Idaho.

11    8. Defendant WinCo Foods Foundation, Inc. is a corporation doing business in and

12 throughout the State of California, including Contra Costa County. WinCo Foods Foundation is

13 incorporated in Delaware and its principal place of business is Idaho. Plaintiff is informed and

14 believes that Defendant's principal place of residence is Ada County, Idaho. Accordingly, WinCo

15 Foods Foundation is a citizen of the States of Delaware and Idaho.

16    9. Defendant WinCo Foods LLC, Defendant WinCo Holdings, Inc., and Defendant WinCo

17 Foods Foundation, Inc. are hereinafter collectively referred to a "Defendants" or "WinCo."

18    10. Plaintiff is ignorant of the true names or capacities of the Defendants sued here under the

19 fictitious names Does 1 through 50, inclusive. Plaintiff is informed and believes and thereon

20 alleges that each Doe Defendant was responsible in some manner for the occurrences and injuries

21 alleged in this Complaint. Does 1 through 25 refer to individual Defendants and Does 26 through

22 50 refer to corporations, limited liability companies, partnerships, or other business entities.

23    11. Defendants WinCo Foods LLC, Winco Holdings Inc.,WinCo Foods Foundation Inc., and

24 Does 1 through 50 were employers in the State of California, as defined by the FEHA and the

25 CFRA/FMLA. The individual Defendants acted as agents, directly or indirectly, of Defendant and

26 Does 26 thorough 50 in violating the FEHA and were therefore also employers in the State of

27 California, within the meaning of the FEHA and the CFRA/FMLA.

28

3

12. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of each and every other Defendant. In engaging in the conduct alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining Defendants. All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other Defendant.

13. At all relevant times, each Defendant, including those named herein as Doe Defendants, operated, and currently operates, as a single business enterprise.

14. This action is brought pursuant to the FEHA and the CFRA/FMLA, Title VII of the Civil Rights Act of 1964, Title I of The Americans With Disabilities Act 42 U.S.C §§ 12101 et seq., The Family Medical Leave Act 29 U.S.C. § 28 et seq., Section 504 of The Rehabilitation Act of 1973, 42 U.S.C. § 1983, 42 U.S.C. § 1981a, and the corresponding statutes and regulations.

15. This Court has jurisdiction over this matter pursuant to diversity jurisdiction. Defendants are citizens of the States of Delaware and Idaho. Plaintiff is a resident of the State of California. The amount demanded exceeds $75,000. Accordingly, jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

16. Because all or most of the acts or omissions relevant to this action took place in Contra Costa County, California, this Court is the proper venue for this action.

17. This Court also has original jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 and 1343 because this matter is a civil action arising under the Constitution, laws, or treaties of the United States.

18. Because all or most of the acts or omissions relevant to this action took place in Contra Costa County, California, this Court is the proper venue for this action.

19. This Court has jurisdiction over Plaintiff's state law claim set forth in this complaint under 28 U.S.C. § 1367 pursuant to its supplemental jurisdiction to hear related state law claims. The state claims alleged herein arose from a common nucleus of operative fact, are related to the

federal claims such that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## **ADMINISTRATIVE REMEDIES**

20. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

21. Plaintiff filed a timely complaint with the California Fair Employment and Housing Commission on February 20, 2013, alleging harassment and discrimination based on Plaintiff's sex, medical condition and/or disability. Additionally, Plaintiff alleged Defendant retaliated against her for engaging in protected activity including, but not limited to, requesting and taking protected medical leave. A Notice of Case Closure and Right to Sue were issued that same day.

22. Plaintiff has also filed an amended complaint with the California Fair Employment and Housing Commission naming WinCo Foods LLC, WinCo Holdings, Inc., and WinCo Foods Foundation, Inc., alleging harassment and discrimination based on Plaintiff's sex, medical condition and/or disability. Additionally, Plaintiff alleged Defendant retaliated against her for engaging in protected activity including, but not limited to, requesting and taking protected medical leave. A Notice of Case Closure and Right to Sue were issued on May 31, 2013.

23. This action is not preempted by the California Workers' Compensation Act, because retaliation is not a risk or condition of employment.

## **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

24. Plaintiff hereby incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth here in full.

25. On or about October 11, 2007, Plaintiff began her employment with Defendants as a Cashier at its Brentwood, California, location.

26. In or around January/February 2011, Plaintiff began suffering from excessive menstruation causing her severe abdominal pain. Plaintiff consulted with medical care professionals, who advised her to have a hysterectomy – the surgical removal of the uterus.

27. In or around February 2011, Plaintiff was informed by her physician that surgery was necessary. Plaintiff informed WinCo that she was scheduled to have a hysterectomy surgery on March 2, 2011, and would require approximately six (6) weeks of post-operative care. Plaintiff's physician provided her with a note that informed the Defendant of Plaintiff's surgery and that she would not be able to return to work until approximately mid-April 2011.

28. In or around February 2011, Plaintiff requested medical leave pursuant to the Family Medical Leave Act ("FMLA") and/or the CFRA, its California counterpart, for any leave associated with her upcoming hysterectomy surgery. Defendant informed Plaintiff of her rights for protection under CFRA/FMLA and explained that she must furnish a medical certification of her serious health condition. Plaintiff's physician completed Defendant's Employee/Family Medical Leave Request form indicating that Plaintiff was restricted for all job duties and would not be able to return to work until approximately April 14, 2011. At the time of her request, her average annual hours worked were 1,719.25.

29. Landen Pratt, a member of WinCo's Human Resource/Compliance Department, sent a letter in response to Plaintiff's request for medical leave informing her of her rights for protection under the FMLA and the CFRA.

30. On or about April 13, 2011, WinCo sent a letter to Plaintiff rejecting her request for FMLA/CFRA leave for the reason that Plaintiff's physician provided insufficient information. WinCo requested that Plaintiff have her physician correct the necessary information by May 1, 2011; otherwise it would assume that she did not qualify for protection under the FMLA or the CFRA. Additionally, WinCo informed Plaintiff that if she did not supplement her application with the necessary information by the stated date, then Plaintiff's absence from work would be subjected to WinCo's Absentee Policy. At the time of this letter, Plaintiff was recovering from a major surgery.

31. In or About April/May 2011, Plaintiff returned to work. Upon Plaintiff's return to work light duty work or other limitations was recommended by Plaintiff's physicians. Such limitations may have included, but were not limited to, temporarily shortened work weeks or number of hours worked per day. Defendant told Plaintiff that if she couldn't work full shifts, she couldn't return

6

PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1  to work and would need to go back to her physician and request to be fully released and cleared
2  for full work duty without any restrictions.

3      32. Approximately three days after Plaintiff's return to work in or around April/May 2011,
4  Plaintiff was made to unload pallets. Plaintiff complained to the store secretary, and/or her
5  supervisor, about being made to unload pallets despite her recently having undergone surgery.

6      33. On or about May 3, 2011, Plaintiff's physician supplemented her responses to WinCo's
7  request for additional information regarding Plaintiff's request for FMLA/CFRA leave.

8      34. In or around June/July 2011, Plaintiff began experiencing post-hysterectomy vaginal and
9  rectal bleeding. Her physician recommended she have a colonoscopy – a medical procedure in
10 which a camera is passed through the anus in order to examine the bowel and is generally
11 performed under sedation. Plaintiff's colonoscopy was scheduled for July 18. Plaintiff's
12 physician further recommended Plaintiff rest her pelvic area until July 25. Plaintiff informed the
13 Defendant of her need for medical treatment. Plaintiff requested the appropriate leave and
14 provided Defendant with a doctor's note. Plaintiff returned to work later in July 2011.

15     35. In or around early November 2011, one of Plaintiff's children developed respiratory
16 problems that required medical attention. Plaintiff requested leave to from work to bring her child
17 to receive treatment.

18     36. In or around December 2011/January 2012, Plaintiff requested from her store manager,
19 Phil Henderson, permission to leave work early to bring her children to the emergency room on
20 two separate occasions. The first was to treat an upper respiratory and inner-ear infection. The
21 second was for bronchitis. Plaintiff then requested protected leave to care for her autistic child
22 who needed to have their tonsils removed. Plaintiff provided the Defendant with proper notice.
23 Defendant assessed two points against Plaintiff's attendance record for each occurrence, despite
24 having granted her permission to leave for each family emergency.

25     37. In or around January 2012, Defendant reduced Plaintiff's weekly work hours and rate of
26 pay.

27

28

7

38. In or around March/April 2012, Plaintiff began experiencing difficulty and discomfort with urinating, as well as incontinence. Plaintiff was diagnosed with urethral stenosis – a condition characterized by the narrowing of the opening of the urethra.

39. In or around May 2012, Plaintiff experienced bleeding and problems with having to urinate. Plaintiff requested medical leave pursuant to the FMLA and the CFRA for necessary leave associated with the care and treatment of her medical condition (i.e. urethral stenosis).

40. On or about May 24, 2012, Plaintiff contacts Defendants' Human Resource Department about FMLA/CFRA paperwork.

41. On or about May 26, 2012, Plaintiff was provided a return to work note from her physicians for urgent medical care that she received, and would not be able to return to work until approximately May 28, 2012.

42. In or around May/June 2012, Plaintiff experienced harassment from WinCo employees, including her supervisor and Assistant Manager of the Brentwood store, Joe Barrea. Mr. Barrea would comment on Plaintiff's inability to control her bladder and frequent use of the bathroom in the presence of customers and other WinCo employees. For example, he would make comments to the effect of "Why are you in the bathroom so often?" or "Did you wet yourself?" Additionally, Mr. Barrea allowed other WinCo employees to openly discuss Plaintiff's medical condition. This conduct embarrassed Plaintiff and caused her anxiety, stress and humiliation.

43. Plaintiff made multiple complaints of the harassing and discriminatory conduct to Human Resources. She was told that an investigation would occur. However, no one followed up with her about her complaints and the harassing conduct continued.

44. Around the same time, Plaintiff's request for FMLA/CFRA leave to take care of her urethral stenosis condition was denied. The reason given was that Plaintiff did not work enough hours in the previous year to qualify for protection under the FMLA and the CFRA.

45. On or about June 7, 2012, WinCo terminated Plaintiff's employment. The reason given to Plaintiff was that she had exceeded her allowable absences from work.

46. At the time of her termination, Plaintiff was earning $16.45 per hour plus benefits. She had worked approximately 680 hours in 2012. Plaintiff also took part in the Defendant's

8

1   Employee Stock Ownership Program. As of March 31, 2010, Plaintiff held approximately

2   354.969 total shares, 141.986 of which were vested.

3   47. On or about June 8, 2012, Plaintiff had begun to experience an aggravation of her urethral

4   stenosis and was having difficulties with urination.

5   48. On or about June 13, 2012, Plaintiff underwent a cystoscopy procedure – where a camera

6   is inserted into the urethra to view the urinary track under anesthesia – and urethral dilation – a

7   widening of the urethra accomplished during cystoscopy by inserting an instrument to stretch the

8   urethra.

9   49. On or about mid to late June 2012, Plaintiff appealed the decision to terminate her, and

10  was allowed to explain her situation to a panel of approximately five WinCo Employees in an

11  effort to be reinstated. The "grievance committee" consisted of then-acting store manager Phil

12  Henderson, produce department employee known as Darnelle, meat department employee Adam

13  Price, receiving manager known as Jeff, and store employee known as Maria.  Plaintiff told the

14  committee about her and her family's recent health issues, and complaints about being retaliated

15  against because of having taken FMLA/CFRA.  Plaintiff asked to be reinstated and indicates that

16  she was willing to work in any department that she can.  Plaintiff also complained that the

17  Defendant skipped steps in the discipline procedure.  The four other panel members, Adam,

18  Maria, Jeff, and Darnelle, asked Mr. Henderson why he terminated Plaintiff, why he had skipped

19  steps in the disciplinary process pursuant to the Defendant's attendance point policy, and hadn't

20  suspended Plaintiff before terminating her employment.  Mr. Henderson explained that he would

21  not reinstate her, that a suspension from nearly a year earlier in approximately August 2011 would

22  suffice, and that his decision was final.  The incident that gave rise to the suspension to which Mr.

23  Henderson was referring was a negative interaction between Plaintiff and a co-worker who was

24  harassing Plaintiff and spreading rumors regarding Plaintiff's disability and her having taken

25  medical leave.  This was an incident that was separate and distinct from Defendant's attendance

26  point system, and assessing Plaintiff points for it was against Defendants' policies.

27  50. On or about July 3, 2012, Plaintiff filed for state unemployment benefits, which Defendant

28  denied claiming that Plaintiff was terminated for "misconduct connected with the work."  The

9

PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1  California Unemployment Insurance Appeals Board found that the Plaintiff was absent form work

2  due to illness, and that such absence did not constitute misconduct. As such, the Appeals Board

3  found that Plaintiff was not disqualified from receiving benefits. Plaintiff did not substantially

4  breach an important duty or obligation owed to the Defendant, willfully or wantonly, and tending

5  to injure the employer's interests. Plaintiff was discharged for reasons other than misconduct.

6  51. Throughout Plaintiff's tenure, Defendants erroneously applied points to Plaintiff's

7  attendance record. Defendants would assign credits to days Plaintiff had taken as part of protected

8  FMLA/CFRA leave and when Plaintiff was given permission to leave work early to tend to

9  important family matters.

10  52. Plaintiff is informed and believes that Defendants do not apply its attendance point policy

11  uniformly or fairly. Other employees who had more points on their attendance point record than

12  Plaintiff were not terminated.

13

14  **FIRST CAUSE OF ACTION**

15  **Sex Discrimination in Violation of FEHA**

16  **(Against All Defendants)**

17  As a first, separate and distinct cause of action, Plaintiff complains against all Defendants, and

18  each of them and for a cause of action alleges:

19  53. Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as though set

20  forth here in full.

21  54. As described above, Plaintiff was treated differently based on her sex. Plaintiff was

22  diagnosed with excessive menstruation – a medical condition that is gender specific. To treat this

23  condition, Plaintiff required a hysterectomy surgery and a minimum of six (6) weeks recovery.

24  55. Plaintiff is a member of a protected class of employees based on her sex – female.

25  56. Plaintiff is informed and believes that Defendants' decision to reduce her hours, deny her

26  medical leave, and to terminate her employment were motivated by her sex.

27

28

10
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1  57. Defendants, and each of them, discharged Plaintiff's employment, and further

2  discriminated against Plaintiff after she made oral and/or written complaints regarding sex

3  discrimination.

4  58. Plaintiff has further suffered and will continue to suffer a loss of earnings and other

5  employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

6  general compensatory damages in amounts to be proven at trial.

7  59. Defendants' actions constituted a willful violation of the above-mentioned state laws. As a

8  direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of

9  wages and is entitled to recover costs and expenses and attorneys' fees in seeking to compel

10 Defendants to fully perform their obligation under state law and her respective damage amounts

11 according to proof at time of trial.

12 60. The conduct of Defendants described herein above was outrageous and was executed with

13 malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with

14 the intent, design and purpose of injuring Plaintiff.

15 61. Defendants, through its officers, managing agents, supervisors and/or its employees

16 authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

17 thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

18 time of trial.

19 62. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated

20 in the section below entitled "DAMAGES," which is incorporated here to the extent as though set

21 forth here in full.

22

23                              **SECOND CAUSE OF ACTION**

24                    **Disability Discrimination in Violation of FEHA**

25                                 **(Against All Defendants)**

26 As a second, separate and distinct cause of action, Plaintiff complains against all Defendants,

27 and each of them and for a cause of action alleges:

28

                                              11
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1   63. Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as though set

2   forth here in full.

3   64. As described above, Plaintiff had a present, perceived and/or a perceived future physical

4   disability of which Defendants were aware, rendering her physically disabled within the meaning

5   of California Government Code § 12926(k).

6   65. At all times herein mentioned, California Government Code §§ 12940 *et seq.* were in full

7   force and effect and were binding upon Defendant. Said sections require Defendant to refrain

8   from discriminating against an employee on the basis of physical or mental disabilities.

9   66. At all times during Plaintiff's employment, Plaintiff satisfactorily performed her job duties.

10   67. Plaintiff suffered adverse employment actions, including being terminated, all of which

11   resulted proximately from the actions of Defendant.

12   68. The action taken against Plaintiff constituted unlawful discrimination based on disability in

13   violation of California Government Code section 12940(a).

14   69. Further, at all relevant times Plaintiff was qualified to continue employment with

15   Defendant with or without a reasonable accommodation.

16   70. The actions of Defendant against Plaintiff constituted adverse employment actions and

17   disparate treatment based on Plaintiff's physical disability.

18   71. Plaintiff is informed and believes and thereupon alleges that Defendant committed the

19   forgoing acts maliciously, oppressively and intentionally because of her physical disability.

20   72. Plaintiff has further suffered and will continue to suffer a loss of earnings and other

21   employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

22   general compensatory damages in amounts to be proven at trial.

23   73. Defendants' actions constituted a willful violation of the above-mentioned state laws. As a

24   direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of

25   wages and is entitled to recover costs and expenses and attorneys' fees in seeking to compel

26   Defendants to fully perform their obligation under state law and her respective damage amounts

27   according to proof at time of trial.

28

1   74. The conduct of Defendants described herein above was outrageous and was executed with

2   malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with

3   the intent, design and purpose of injuring Plaintiff.

4   75. Defendants, through its officers, managing agents, supervisors and/or its employees

5   authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

6   thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

7   time of trial.

8   76. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated

9   in the section below entitled "DAMAGES," which is incorporated here to the extent as though set

10  forth here in full.

11

12                            **THIRD CAUSE OF ACTION**

13  **Failure to Accommodate in Violation of the California Fair Employment and Housing Act**

14                            **(Against All Defendants)**

15  As a third, separate and distinct cause of action, Plaintiff complains against all Defendants,

16  and each of them and for a cause of action alleges:

17  77. Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as though set

18  forth here in full.

19  78. As described above, Plaintiff has been a person with a physical disability within the

20  meaning of FEHA, California Government Code §§ 12940 and 12926. Plaintiff was limited in her

21  major life activities due her gynecological issue.

22  79. Defendants are employers within the meaning of FEHA, and Defendants were aware of

23  Plaintiff's medical condition and/or disability.

24  80. In or around May of 2012, Plaintiff requested a reasonable accommodation from

25  Defendant in the form of time off from work to receive treatment for her gynecological conditions.

26  Defendant responded by denying her request for medical leave and then terminating her.

27  Defendants had an affirmative duty pursuant to FEHA § 12940(m) to accommodate Plaintiff with

28  intermittent or full leave time.

13
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1    81. Plaintiff is informed and believes, and on that basis alleges, that providing a reasonable

2    accommodation for Plaintiff's disability would not have produced undue hardship for Defendant

3    or their business. Defendant's failure to make reasonable accommodation for Plaintiff's disability

4    violated Government Code § 12940(m).

5    82. Plaintiff has further suffered and will continue to suffer a loss of earnings and other

6    employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

7    general compensatory damages in amounts to be proven at trial.

8    83. Defendants' actions constituted a willful violation of the above-mentioned state laws. As a

9    direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of

10    wages and is entitled to recover costs and expenses and attorneys' fees in seeking to compel

11    Defendants to fully perform their obligation under state law and her respective damage amounts

12    according to proof at time of trial.

13    84. The conduct of Defendants described herein above was outrageous and was executed with

14    malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with

15    the intent, design and purpose of injuring Plaintiff.

16    85. Defendants, through its officers, managing agents, supervisors and/or its employees

17    authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

18    thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

19    time of trial.

20    86. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated

21    in the section below entitled "DAMAGES," which is incorporated here to the extent as though set

22    forth here in full.

23

24                              **FOURTH CAUSE OF ACTION**

25    **Failure to Engage in the Interactive Process in Violation of the California Fair Employment**

26                                   **and Housing Act**

27                                **(Against All Defendants)**

28

14
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1    As a fourth, separate and distinct cause of action, Plaintiff complains against all Defendants,

2    and each of them and for a cause of action alleges:

3    87. Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as though set

4    forth here in full.

5    88. At all times material to this complaint, Plaintiff has been a person with a disability within

6    the meaning of FEHA, California Government Code §§ 12940 and 12926. Plaintiff was limited in

7    her major life activities due to her gynecological conditions.

8    89. Plaintiff is informed and believes that Defendant failed to engage in an interactive process

9    regarding possible accommodations for her disability.

10   90. After Plaintiff requested an accommodation for her gynecological condition, Defendant

11   never engaged in any dialogue to accommodate Plaintiff. Rather than engaging in an interactive

12   dialogue, Defendant terminated Plaintiff's employment. Defendant's actions violated Government

13   Code §12940(n).

14   91. Plaintiff has further suffered and will continue to suffer a loss of earnings and other

15   employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

16   general compensatory damages in amounts to be proven at trial.

17   92. Defendants' actions constituted a willful violation of the above-mentioned state laws. As a

18   direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of

19   wages and is entitled to recover costs and expenses and attorneys' fees in seeking to compel

20   Defendants to fully perform their obligation under state law and her respective damage amounts

21   according to proof at time of trial.

22   93. The conduct of Defendants described herein above was outrageous and was executed with

23   malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with

24   the intent, design and purpose of injuring Plaintiff.

25   94. Defendants, through its officers, managing agents, supervisors and/or its employees

26   authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

27   thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

28   time of trial.

1    95. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated

2   in the section below entitled "DAMAGES," which is incorporated here to the extent as though set

3   forth here in full.

4

5

6                                  **FIFTH CAUSE OF ACTION**

7           **Retaliation in Violation of the California Fair Employment and Housing Act**

8                                    **(Against All Defendants)**

9    As a fifth, separate and distinct cause of action, Plaintiff complains against all Defendants, and

10   each of them and for a cause of action alleges:

11   96. Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as though set

12   forth here in full.

13   97. Plaintiff engaged in protected activities when she requested FMLA/CRFA medical leave

14   for a serious health condition, an accommodation for her disabilities, requested FMLA/CFRA

15   leave and went out on medical leave of absence for the aforementioned. Defendant and each of

16   them, and/or their agents/employees, retaliated against Plaintiff in violation of Government Code

17   §§12940(f), 12940(h) by terminating her employment after she engaged in a protected activity.

18   98. Plaintiff has further suffered and will continue to suffer a loss of earnings and other

19   employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

20   general compensatory damages in amounts to be proven at trial.

21   99. Defendants' actions constituted a willful violation of the above-mentioned state laws. As a

22   direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of

23   wages and is entitled to recover costs and expenses and attorneys' fees in seeking to compel

24   Defendants to fully perform their obligation under state law and her respective damage amounts

25   according to proof at time of trial.

26   100.      The conduct of Defendants described herein above was outrageous and was

27   executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights,

28   and further, with the intent, design and purpose of injuring Plaintiff.

1    101.    Defendants, through its officers, managing agents, supervisors and/or its employees

2    authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

3    thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

4    time of trial.

5    102.    Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as

6    stated in the section below entitled "DAMAGES," which is incorporated here to the extent as

7    though set forth here in full.

8

9                              **SIXTH CAUSE OF ACTION**

10   **Failure to Grant or Interfere with Medical Leave in Violation of the CFRA/FMLA**

11                              **(Against All Defendants)**

12       As a sixth, separate and distinct cause of action, Plaintiff complains against all Defendants,

13   and each of them and for a cause of action alleges:

14   103.    Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as

15   though set forth here in full.

16   104.    The California Family Rights Act ("CFRA"), or Gov. Code §12945.2(a), and/or

17   The Family Medical Leave Act ("FMLA"), entitles an employee suffering from a serious health

18   condition to take up to a total of twelve (12) work weeks in any 12-month period for a medical

19   leave of absence. Furthermore, CFRA/FMLA also requires the employer, upon granting the leave

20   request, to provide the employee a guarantee of employment in the same or a comparable position

21   upon the termination of the leave.

22   105.    Plaintiff was an employee suffering from a serious health condition within the

23   meaning of CFRA/FMLA. She made a request for medical leave to her supervisors and Human

24   Resource managers, who were well aware of her serious health condition. Plaintiff's leave request

25   was denied and she was terminated despite the medical leave being based on a serious health

26   condition.

27   106.    Plaintiff was eligible for CFRA/FMLA protections, and the Defendants were

28   covered by the CFRA/FMLA whereby the Plaintiff was entitled to leave under CFRA/FMLA.

1  Plaintiff provided notice of her intent to take leave, and the Defendants denied Plaintiff

2  CFRA/FMLA benefits to which she was entitled.

3  107.    Defendants also failed to provide Plaintiff a guarantee of employment in the same

4  or a comparable position upon termination of the leave. Rather, Plaintiff was terminated on or

5  about June 7, 2013. In refusing to grant Plaintiff medical leave and instead terminating her,

6  Defendant directly violated CFRA/FMLA.

7  108.    Plaintiff has further suffered and will continue to suffer a loss of earnings and other

8  employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

9  general compensatory damages in amounts to be proven at trial.

10  109.    Defendants' actions constituted a willful violation of the above-mentioned state

11  laws. As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to

12  the loss of wages and is entitled to recover costs and expenses and attorneys' fees in seeking to

13  compel Defendants to fully perform their obligation under state law and her respective damage

14  amounts according to proof at time of trial.

15  110.    The conduct of Defendants described herein above was outrageous and was

16  executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights,

17  and further, with the intent, design and purpose of injuring Plaintiff.

18  111.    Defendants, through its officers, managing agents, supervisors and/or its employees

19  authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

20  thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at

21  time of trial.

22  112.    Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as

23  stated in the section below entitled "DAMAGES," which is incorporated here to the extent as

24  though set forth here in full.

25  **SEVENTH CAUSE OF ACTION**

26  **Failure to Prevent Discrimination and Harassment in Violation of the California Fair**

27  **Employment and Housing Act**

28  **(Against All Defendant)**

18
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1    As an seventh, separate and distinct cause of action, Plaintiff complains against all Defendants,

2    and each of them and for a cause of action alleges:

3    113.    Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as

4    though set forth here in full.

5    114.    Plaintiff is informed and believes and thereon alleges that Defendant failed to take

6    all reasonable steps necessary to prevent discrimination and to provide Plaintiff with a work

7    environment free from discrimination and harassment in violation of Government Code §

8    12940(k).

9    115.    Defendants knew or should have known of the discrimination and harassment on

10   the basis of disability as set forth above because of Plaintiff's direct complaints of harassment

11   because of her disability, as well as the frequent urination she was experiencing from her

12   gynecological condition.

13   116.    Because of the aforementioned discrimination and harassment, it is clear that

14   Defendants did not have a company policy that prohibited discrimination on the basis of disability.

15   Even if a "paper" prevention policy existed, Plaintiff had no reasonable outlet to report her

16   discrimination or harassment claim so that Defendants could conduct a proper and impartial

17   investigation.

18   117.    Because Defendants never instituted an adequate discrimination policy, Plaintiff's

19   complaints could not be appropriately addressed. Defendants' failure to do so resulted in injury to

20   Plaintiff. Had the Defendants taken adequate steps to prevent discrimination, Plaintiff would not

21   have been terminated because of her disability.

22   118.    At all times mentioned herein, California Government Code §§ 12940, et seq.,

23   including but not limited to Section 12940(j) and (k), were in full force and effect and were

24   binding upon Defendants and each of them. These sections impose on an employer a duty to

25   promptly and thoroughly investigate complaints of discrimination among other things.

26   119.    Plaintiff complained to Defendants regarding the discriminatory actions taken

27   against her by making complaints to Human Resources, who were evasive, non-responsive, and

28   unhelpful.

19
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

120. Plaintiff is informed and believes that Defendants, however, failed to promptly and/or adequately investigate Plaintiff's complaints of discrimination.

121. In failing to promptly and thoroughly investigate Plaintiff's complaint of harassment and discrimination, Defendant violated California Government Code §12940(j) and (k), causing Plaintiff to suffer damages as set forth below.

122. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and general compensatory damages in amounts to be proven at trial.

123. Defendants' actions constituted a willful violation of the above-mentioned state laws. As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of wages and is entitled to recover costs and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law and her respective damage amounts according to proof at time of trial.

124. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

125. Defendants, through its officers, managing agents, supervisors and/or its employees authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

126. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated in the section below entitled "DAMAGES," which is incorporated here to the extent as though set forth here in full.

## EIGHT CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

20

1    As an eighth, separate and distinct cause of action, Plaintiff complains against all Defendants,

2    and each of them and for a cause of action alleges:

3    127.    Plaintiff hereby incorporates by reference Paragraphs 1 through 52, inclusive, as

4    though set forth here in full.

5    128.    Public policy of the state of California prohibits employers from discharging or

6    discriminating against an employee because of her disability, and/or request for medical leave.

7    Such public policy is set forth in California common law, the FEHA and the CFRA/FMLA, and is

8    a fundamental policy of this state.

9    129.    Plaintiff believes and thereon alleges that because of Plaintiff's disabilities, and

10   requests for medical leave, and medical leave, Defendants took adverse actions against her,

11   including, but not limited to, terminating Plaintiff's employment. Such retaliation contravenes a

12   fundamental public policy of the State of California.

13   130.    Plaintiff has further suffered and will continue to suffer a loss of earnings and other

14   employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

15   general compensatory damages in amounts to be proven at trial.

16   131.    Defendants' actions constituted a willful violation of the above-mentioned state

17   laws. As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to

18   the loss of wages and is entitled to recover costs and expenses and attorneys' fees in seeking to

19   compel Defendants to fully perform their obligation under state law and her respective damage

20   amounts according to proof at time of trial.

21   132.    The conduct of Defendants described herein above was outrageous and was

22   executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights,

23   and further, with the intent, design and purpose of injuring Plaintiff.

24   133.    Defendants, through its officers, managing agents, supervisors and/or its employees

25   authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

26   thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

27   time of trial.

28

21

PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1  134.    Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as

2  stated in the section below entitled "DAMAGES," which is incorporated here to the extent as

3  though set forth here in full.

4

5  ### NINTH CAUSE OF ACTION

6  ### Disability Discrimination in Violation of Federal Law

7  ### (Against all Defendants)

8  As an ninth, separate and distinct cause of action, Plaintiff complains against all

9  Defendants, and each of them and for a cause of action alleges:

10  135.    Plaintiff hereby incorporates by reference those allegations from paragraphs 1-52 as

11  though fully stated herein.

12  136.    Plaintiff is in a protected class of employees based on her disability and known

13  medical conditions. As described above, Plaintiff had a present, perceived and/or a perceived

14  future physical disability of which Defendants were aware, rendering her physically disabled

15  within the meaning of, and prohibited by, Title VII of the Civil Rights Act of 1964, Title I of The

16  Americans With Disabilities Act, 42 U.S.C §§ 12101, 12112 et seq., Section 504 of The

17  Rehabilitation Act of 1973, 42 U.S.C. § 1983, and 42 U.S.C. § 1981a.

18  137.    Plaintiff's known medical conditions impair and substantially limit one of more of

19  Plaintiff's major life activities, and include the operation of a major bodily function. The impact

   of Plaintiff's impairments are permanent or long term

20

21  138.    Plaintiff suffered adverse employment actions, including being terminated, all of

22  which resulted proximately from the actions of Defendant. The action taken against Plaintiff

23  constituted unlawful discrimination based on disability in violation of Federal Law. The actions

24  of Defendants against Plaintiff, constituted adverse employment actions and disparate treatment

25  based on Plaintiff's physical disability that limited one or more major life functions.

26  139.    Plaintiff is informed and believes and thereupon alleges that Defendant committed

   the forgoing acts maliciously, oppressively and intentionally, because of her physical disability.

27  140.    Plaintiff made oral and/or written complaints regarding disability discrimination

28  and a pattern and practice of discrimination against employees with an impairment that limits one

22

1  or more major life functions to Defendants, her employers, by and through their agents and
2  employees.

3  141.  At all times during Plaintiff's employment, Plaintiff satisfactorily performed her
4  job duties.

5  142.  Defendants' decision to terminate Plaintiff's employment and further discriminate
6  against or harass Plaintiff was motivated by Plaintiff's disability in violation of the Equal
7  Protection Clause of the Fourteenth Amendment to the United States Constitution.

8  143.  Defendants and each of them were acting within the course and scope of their
9  employment at all material times, and under the color of the laws of the United States.

10  144.  Defendants and each of them knew or should have known that their conduct
    violated clearly established statutory or constitutional rights against discrimination on account of
11  disability.

12  145.  As a direct and proximate result of the actions of Defendants, Plaintiff has suffered
13  and will continue to suffer pain and mental anguish and emotional distress in amounts to be
14  proven at trial.

15  146.  Plaintiff has further suffered and will continue to suffer a loss of earnings and other
16  employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and
17  general compensatory damages in amounts to be proven at trial.

18  147.  Defendants' actions constituted a willful violation of the above mentioned laws.
19  As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss
20  of wages. Pursuant to 42 U.S.C. § 1988(b) and (c), Plaintiff is entitled to recover costs and
21  attorney's fees in seeking to compel Defendants to fully perform their obligation under federal
22  law.

23  148.  In addition, Defendants discriminatory acts were willful and intentional, or made
24  with reckless indifference to Plaintiff's federally protected rights, and Defendants should be
25  assessed punitive damages in amounts to be determined at time of trial, in addition to any other
26  remedies and damages allowable by law.

27

28

23
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1     149.     The conduct of Defendants described herein above was outrageous and was

2 executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights,

3 and further, with the intent, design and purpose of injuring Plaintiff.

4     150.     Defendants, through its officers, managing agents, supervisors and/or its employees

5 authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

6 thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

7 time of trial.

8     151.     Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as

9 stated in the section below entitled "DAMAGES," which is incorporated here to the extent as

10 though set forth here in full.

11

12 **TENTH CAUSE OF ACTION**

13 **Retaliation in Violation of Federal Law**

14 **(Against all Defendants)**

15     As an tenth, separate and distinct cause of action, Plaintiff complains against all

16 Defendants, and each of them and for a cause of action alleges:

17     152.     Plaintiff hereby incorporates by reference those allegations from paragraphs 1-52 as

18 though fully stated herein.

19     153.     Plaintiff is in a protected class of employees based on her disability and known

20 medical conditions. As described above, Plaintiff had a present, perceived and/or a perceived

21 future physical disability of which Defendants were aware, rendering her physically disabled

22 within the meaning of, and prohibited by, Title VII of the Civil Rights Act of 1964, Title I of The

23 Americans With Disabilities Act, 42 U.S.C §§ 12101, 12112 et seq., Section 504 of The

24 Rehabilitation Act of 1973, 42 U.S.C. § 1983, and 42 U.S.C. § 1981a.

25     154.     Plaintiff's known medical conditions impair and substantially limit one of more of

26 Plaintiff's major life activities, and include the operation of a major bodily function. The impacts

27 of Plaintiff's impairments are permanent or long term.

28     155.     Plaintiff was retaliated against and suffered adverse employment actions, including

being terminated, all of which resulted proximately from the actions of Defendant. The action

24

1 taken against Plaintiff constituted unlawful discrimination based on disability in violation of

2 Federal Law. The actions of Defendants against Plaintiff constituted adverse employment actions

3 and disparate treatment based on Plaintiff's physical disability that limited one or more major life

4 functions.

5    156.     Plaintiff is informed and believes and thereupon alleges that Defendant committed

6 the forgoing acts maliciously, oppressively and intentionally because of her physical disability.

7    157.     Plaintiff made oral and/or written complaints regarding retaliation and a pattern and

8 practice of discrimination against employees with an impairment that limits one or more major life

9 functions to Defendants, her employers, by and through their agents and employees.

10    158.     At all times during Plaintiff's employment, Plaintiff satisfactorily performed her

11 job duties.

12    159.     Defendants' decision to deny and/or interfere with Plaintiff's protected medical

13 leave, as well as Defendants' decision to terminate Plaintiff's employment and further

14 discriminate against or harass Plaintiff, was motivated by Plaintiff's disability in violation of the

15 Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

   160.     Defendants and each of them were acting within the course and scope of their

16 employment at all material times, and under the color of the laws of the United States.

17    161.     Defendants and each of them knew or should have known that their conduct

18 violated clearly established statutory or constitutional rights against discrimination and retaliation

19 on account of disability and right to protected medical leave.

20    162.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered

21 and will continue to suffer pain and mental anguish and emotional distress in amounts to be

22 proven at trial.

23    163.     Plaintiff has further suffered and will continue to suffer a loss of earnings and other

24 employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

25 general compensatory damages in amounts to be proven at trial.

26    164.     Defendants' actions constituted a willful violation of the above mentioned laws.

27 As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss

28 of wages. Pursuant to 42 U.S.C. § 1988(b) and (c), Plaintiff is entitled to recover costs and

1 attorney's fees in seeking to compel Defendants to fully perform their obligation under federal

2 law.

3     165.     In addition, Defendants discriminatory acts were willful and intentional, or made

4 with reckless indifference to Plaintiff's federally protected rights, and Defendants should be

5 assessed punitive damages in amounts to be determined at time of trial, in addition to any other

6 remedies and damages allowable by law.

7     166.     The conduct of Defendants described herein above was outrageous and was

8 executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights,

9 and further, with the intent, design and purpose of injuring Plaintiff.

10     167.     Defendants, through its officers, managing agents, supervisors and/or its employees

11 authorized, condoned and/or ratified the unlawful conduct described herein above. By reason

12 thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the

13 time of trial.

14     168.     Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as

15 stated in the section below entitled "DAMAGES," which is incorporated here to the extent as

16 though set forth here in full.

17

18 ## ELEVENTH CAUSE OF ACTION

19 ### Sex/Gender Discrimination in Violation of Federal Law

### (Against all Defendants)

20     As an eleventh, separate and distinct cause of action, Plaintiff complains against all

21 Defendants, and each of them and for a cause of action alleges:

22     169.     Plaintiff hereby incorporates by reference those allegations from paragraphs 1-52 as

23 though fully stated herein.

24     170.     Plaintiff is in a protected class of employees based on her sex/gender as a woman

25 and mother within the meaning of Title VII of the Civil Rights Act of 1964, Title I of The

26 Americans With Disabilities Act 42 U.S.C §§ 12101 et seq., The Family Medical Leave Act 29

27 U.S.C. § 28 et seq., 42 U.S.C. § 1983, and 42 U.S.C. § 1981a.

28

1    171.    Plaintiff suffered adverse employment actions, including being terminated, all of

2    which resulted proximately from the actions of Defendant. The action taken against Plaintiff

3    constituted unlawful discrimination based on sex/gender and status as a mother in violation of

4    Federal Law. The actions of Defendants against Plaintiff, constituted adverse employment actions

5    and disparate treatment based on Plaintiff's sex/gender and status as a mother.

6    172.    Plaintiff is informed and believes and thereupon alleges that Defendant committed

7    the forgoing acts maliciously, oppressively and intentionally, because of her sex/gender and

8    motherhood status, which constitutes illegal gender discrimination.

9    173.    Plaintiff made oral and/or written complaints regarding retaliation and a pattern and

10   practice of discrimination against female employees, and female employees who are mothers, to

11   Defendants, her employers, by and through their agents and employees.

12   174.    At all times during Plaintiff's employment, Plaintiff satisfactorily performed her

13   job duties.

14   175.    Defendants' decision to retaliate against Plaintiff, deny or interfere with Plaintiff

15   taking protected leave for her and to care for her children, as well as Defendants' decision to

16   terminate Plaintiff's employment and further discriminate against or harass Plaintiff was

17   motivated by Plaintiff's sex/gender and status as a mother in violation of the Equal Protection

     Clause of the Fourteenth Amendment to the United States Constitution.

18   176.    Defendants and each of them were acting within the course and scope of their

19   employment at all material times, and under the color of the laws of the United States.

20   177.    Defendants and each of them knew or should have known that their conduct

21   violated clearly established statutory or constitutional rights against discrimination on account of

22   disability.

23   178.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered

24   and will continue to suffer pain and mental anguish and emotional distress in amounts to be

25   proven at trial.

26   179.    Plaintiff has further suffered and will continue to suffer a loss of earnings and other

27   employment benefits, as well as emotional distress, whereby Plaintiff is entitled to special and

28   general compensatory damages in amounts to be proven at trial.

27
PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

180. Defendants' actions constituted a willful violation of the above mentioned laws. As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of wages. Pursuant to 42 U.S.C. § 1988(b) and (c), Plaintiff is entitled to recover costs and attorney's fees in seeking to compel Defendants to fully perform their obligation under federal law.

181. In addition, Defendants discriminatory acts were willful and intentional, or made with reckless indifference to Plaintiff's federally protected rights, and Defendants should be assessed punitive damages in amounts to be determined at time of trial, in addition to any other remedies and damages allowable by law.

182. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

183. Defendants, through its officers, managing agents, supervisors and/or its employees authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

184. Plaintiff suffered damages legally caused by the unlawful conduct of Defendants as stated in the section below entitled "DAMAGES," which is incorporated here to the extent as though set forth here in full.

## DAMAGES

**WHEREFORE,** Plaintiff requests relief as hereinafter provided:

185. As a legal result of the conduct by Defendants and each of them, of which Plaintiff complains, Plaintiff suffered and continues to suffer substantial losses in earnings and her employee benefits. Plaintiff will seek to amend this Complaint to state the amount or will proceed to proof at trial.

186. Plaintiff suffered emotional distress as a legal result of the conduct by Defendants and each of them, of which Plaintiff complains. Plaintiff has suffered mental distress, humiliation, embarrassment, anger, disappointment, and worry, all of which is substantial and enduring.

1 Plaintiff will seek to amend this complaint to state the amount or will proceed according to proof

2 at trial.

3     187.     Notwithstanding such knowledge, Defendants, and each of them, acted

4 oppressively, fraudulently, and maliciously, in willful and conscious disregard of Plaintiff's rights,

5 and with the intention of causing or in reckless disregard of the probability of causing injury and

6 emotional distress to Plaintiff.

7     188.     Further, Defendants, and each of them, were informed of the oppressive,

8 fraudulent, and malicious conduct of their employees, agents, and subordinates, and ratified,

9 approved, and authorized that conduct.

10     189.     The foregoing conduct of Defendants, and each of them, were intentional, willful,

11 and malicious, so as to justify an award of exemplary and punitive damages in an amount to

12 conform to proof at trial.

13     190.     As a direct result of Defendant unlawful conduct Plaintiff has incurred and will

14 incur additional attorney's fees and costs for which she is entitled to recover.

15

16                                           **PRAYER**

17     191.     **WHEREFORE**, Plaintiff prays for judgment against Defendant, and each of them,

18     as follows:

19           a.   For general economic and non-economic damages according to proof;

20           b.   For special damages according to proof;

21           c.   For punitive damages where allowed by law;

22           d.   For prejudgment interest;

23           e.   For costs of suit incurred herein;

24           f.   For attorneys' fees as allowed by law; and

25           g.   For such other and further relief as this Court deems just and proper.

26

27

28

Dated: June ___ 7 __, 2013

CALIFORNIA CIVIL RIGHTS LAW GROUP

_____
Lawrence A. Organ
Robert J.A. Fordiani
Julianne K. Schwarz
Attorneys for Plaintiff, VICTORIA STOWERS

PLAINTIFF VICTORIA STOWERS' COMPLAINT FOR DAMAGES

1        **JURY TRIAL DEMANDED**

2

3

4        Plaintiff requests a jury trial in this action.

5

6    DATED: June 7, 2013                          CALIFORNIA CIVIL RIGHTS LAW GROUP

7                                                 Law Offices of Lawrence A. Organ

8

9                                                 LAWRENCE A. ORGAN

10                                                Attorneys for Plaintiff
                                                  VICTORIA STOWERS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF VICTORA STOWERS COMPLAINT FOR DAMAGES