UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTORIA STOWERS,

    Plaintiff,

    v.

WINCO FOODS LLC, et al.,

    Defendants.

Case No. 13-cv-02631-TEH

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

      Now before the Court is a motion by Plaintiff Victoria Stowers ("Plaintiff") for leave to file a first amended complaint. Docket No. 39. The motion is scheduled for hearing on April 21, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## BACKGROUND

      As the parties are familiar with the facts and procedural history of the case, the Court addresses each with brevity. Plaintiff worked as a cashier at a WinCo supermarket in Brentwood, California from October 11, 2007 to June 7, 2012, when she was terminated for exceeding her allowable absences from work. Proposed Amended Complaint ("PAC") ¶¶ 28, 55, Docket No. 39-5. On June 7, 2013, Plaintiff filed the instant action, alleging that Defendants[1] violated her rights by not properly crediting time she took off of work due to several medical conditions and procedures, and to care for her children, by unfairly applying its attendance policy as to her, and by unlawfully terminating her employment.

---

[1] The Defendants are WinCo Foods LLC, WinCo Foods Foundation, Inc., and WinCo Holdings, Inc. Defendants argued elsewhere that WinCo Holdings, Inc. is the sole entity that employed Plaintiff, and that the other entities are not proper defendants. *See* Docket No. 28 at n. 2. The Court expresses no opinion on the merits of this position, but refers to the entity that employed Plaintiff as "Defendant" or "WinCo" for simplicity.

*Id.* at ¶ 26-63. In this suit, Plaintiff asserts numerous causes of action, including but not limited to, violations of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12920 *et seq.*, for sex discrimination, disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation. *Id.* at ¶¶ 64-120; *see also id.* ¶¶ 121-151 (asserting additional causes of action under state and federal law). Defendant answered the complaint on August 19, 2013. The Court held case management conferences on November 4, 2013 and January 13, 2014. No pretrial motions or dispositive motions have been filed; trial is set for March 17, 2015. *See* Docket No. 22. On January 17, 2014, Proposed-Intervenor Phyllis W. Cheng, Director of the California Department of Fair Employment and Housing ("DFEH") moved to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.[2] Defendant opposed the motion and Plaintiff filed a notice of non-opposition. At the March 3, 2014 hearing on the motion to intervene, Plaintiff advised the Court that she intended to amend her complaint, which could impact DFEH's motion to intervene. The Court took the motion to intervene under submission pending an anticipated stipulation to amend or motion for leave to amend. Plaintiff filed the instant motion, along with the PAC, on March 7, 2014. On April 17, 2014, DFEH and Defendant filed a stipulation providing that DFEH would withdraw the pending motion to intervene in this case without prejudice pursuant to terms agreed upon by the parties in this case and in *Cheng v. WinCo Foods, L.L.C.* ("*Cheng*"), No. 14-cv- 0483 JST (N.D. Cal. filed Jan. 31, 2014).

**LEGAL STANDARD**

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 advises the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme

---

[2] All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure unless otherwise specified.

2

liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these so-called *Foman* factors, prejudice is the weightiest and most important. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Evaluation of the *Foman* factors "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## DISCUSSION

Defendant urges the Court to deny Plaintiff's motion on the grounds that amendment is futile, will prejudice Defendant, and stems from Plaintiff's bad faith and dilatory motive. The Court, however, finds that Defendant has not demonstrated futility of amendment, prejudice or otherwise overcome the presumption in favor of granting leave to amend. The Court therefore GRANTS Plaintiff's motion.

Defendant's main argument in opposition to granting leave is that any amendment related to WinCo's "100% healed policy" would be futile as such a claim is time-barred by FEHA's one-year statute of limitation. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Under FEHA, an employee must file a charge with the DFEH one year after the allegedly unlawful conduct occurs. Cal. Gov't Code § 12960(d). Plaintiff alleges in the

3

1   PAC that Defendant denied her April/May 2011 request for light or modified duty
2   following a medical procedure due to its enforcement of policies prohibiting employees
3   with non-work-related injuries from returning to work until they are 100% recovered (the
4   100% healed policy).  PAC ¶¶ 38-41.  If this were Plaintiff's only allegation of unlawful
5   conduct with respect to the 100% healed policy, and her causes of action under FEHA for
6   Failure to Accommodate and for Failure to Engage in the Interactive Process were based
7   solely on this incident, then these claims would be time-barred as Plaintiff filed her
8   administrative complaint with DFEH on February 20, 2013, more than one year after this
9   alleged unlawful conduct occurred.  Plaintiff, however, argues that these claims survive
10  because of the continuing violation doctrine, which allows a FEHA claim to cover conduct
11  that occurred outside the limitation period if some of the allegedly unlawful conduct also
12  occurred within the limitation period.  *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823
13  (2001).  To prove a FEHA claim under a continuing violation theory, a plaintiff must show
14  that the employer's unlawful actions are (1) sufficiently similar in kind; (2) have occurred
15  with reasonable frequency; (3) and have not acquired a degree of permanence (i.e. "an
16  employer's statements and actions make clear to a reasonable employee that any further
17  efforts at informal conciliation to obtain reasonable accommodation or end harassment will
18  be futile").  *Id*.  Defendant also contends that amendment is futile notwithstanding the
19  continuing violation doctrine because, according to Defendant, any subsequent alleged
20  discriminatory conduct is not sufficiently similar (the 100% healed policy is not similar to
21  the attendance and leave policies Plaintiff challenges), did not occur with reasonable
22  frequency, and the April/May 2011 incident acquired a degree of permanence when she
23  returned to work with a full-work release.
24       At this procedural stage, however, the Court cannot conclude that Plaintiff would be
25  unable to prove a FEHA claim under a continuing violation theory related to Defendant's
26  100% healed policy.  Plaintiff argues that the April/May 2011 incident was the first in a
27  series of refusals to engage in the interactive process with her to determine whether an
28  accommodation for her disability could be provided.  PAC ¶ 63.  For example, Plaintiff

4

1  alleges that Defendant denied her request for medical leave and accommodation in May
2  2012 and unfairly applied its attendance policy by penalizing her with attendance points
3  stemming from these incidents. *Id*. ¶ 52. Plaintiff also alleges that the 100% healed policy
4  and the attendance policies are part of an overall failure to engage in a good faith
5  interactive process. *Id*. ¶¶ 52, 55, 61-63. This May 2012 incident occurred one month
6  before Defendant terminated Plaintiff's employment; both of these incidents occurred
7  within one year of the filing of her administrative complaint with DFEH. The *Richards*
8  court recognized that "similar kinds of unlawful employer conduct, such as acts of
9  harassment or failures to reasonably accommodate disability, may take a number of
10 different forms." *Richards*, 26 Cal. 4th at 823. As discovery has yet to occur in earnest,
11 and Plaintiff alleges a failure to engage in the interactive process that continued into the
12 applicable statutory period, the Court cannot agree with Defendant's assertion that "[a]ny
13 attempt" by Plaintiff to argue that she was subject to a continuing course of discriminatory
14 conduct "would fail" because her claim arising from the 100% healed policy is separate
15 and unique from any of her claims arising out of Defendant's attendance policies and her
16 ultimate termination. Opp'n at 5, Docket No. 46. While Plaintiff's April/May 2011 claim
17 arising from the 100% healed policy would be time-barred, the Court cannot conclude – at
18 this procedural stage – that "no set of facts" could be proved by Plaintiff "under the
19 amendment to the pleadings that would constitute a valid and sufficient" FEHA claim
20 based on a continuing violation theory, *Miller*, 845 F.2d at 214, especially where proving
21 such a claim requires additional discovery, and will turn on evidence not presently before
22 the Court. Accordingly, the Court cannot make the futility finding advocated by
23 Defendant at this time.
24     The Court also finds that Defendant has not met its burden of showing that it will
25 suffer prejudice should Plaintiff's motion be granted. Defendant argues that it will be
26 forced to move to dismiss or strike time-barred claims under Rule 12, which will result in
27 litigation expenses, and if the motion should be denied, to defend against a time-barred
28 claim for this case as a whole. Opp'n at 8. Because Plaintiff contends that discovery is

1   needed to determine whether her claim with respect to the 100% healed policy is viable
2   under a continuing violations theory, the Court finds Defendant's argument about
3   prejudice unpersuasive.  First, the PAC does not add any new cause of action, and in fact,
4   removes three.  This streamlining simplifies the case and reduces litigation expenses.
5   Second, Plaintiff's original complaint includes the allegation that in April/May 2011
6   Defendant "told Plaintiff that if she couldn't work full shifts, she couldn't return to work
7   and would need to go back to her physician and request to be fully released and cleared for
8   full work duty without any restrictions."  Compl. ¶ 31.  In the PAC, Plaintiff seeks to add
9   the allegation that this denial and subsequent failures to engage in the interactive process
10  were, in part, linked to Defendant's 100% healed policy, PAC ¶¶ 89-112, which Plaintiff's
11  counsel only learned about after filing suit.  Supp. Schwarz. Decl. ¶ 2, Docket No. 48-1.
12  In essence, Plaintiff seeks to conform the pleading to newly discovered evidence.  The
13  Court discerns no prejudice that would befall Defendant from this addition.  Third, the
14  Court notes that Plaintiff alleged the underlying conduct related to the April/May 2011
15  incident in the original complaint, even if she did not refer to the 100% healed policy by
16  name, and Defendant did not assert any Rule 12(b) defenses prior to answering the
17  complaint.  *See* Fed. R. Civ. P. 12 (requiring that "[a] motion asserting any of these [Rule
18  12(b)] defenses must be made before pleading if a responsive pleading is allowed").  Thus,
19  Defendant could presumably challenge this claim on summary judgment in the status quo.
20  By granting leave to amend, Defendant will have an opportunity to assert Rule 12(b)
21  defenses in a properly noticed motion prior to answering the amended complaint.  The
22  Court does not find such a process unduly burdensome.  As Defendant has identified no
23  other grounds by which it would be prejudiced other than general litigation expense, the
24  Court discerns no prejudice that would befall Defendant by allowing Plaintiff leave to
25  amend the complaint.
26      Lastly, Defendant argues that Plaintiff's motion for leave to amend the complaint
27  was brought with "bad faith" and "dilatory motive."  This contention is based on
28  Defendant's representation that Plaintiff was on notice that her claims relating to

1  Defendant's 100% healed policy are barred by the statute of limitations, and therefore
2  baseless, based on conversations between counsel, and that Plaintiff should have brought
3  the motion for leave to amend within a reasonable amount of time after learning of the
4  existence of the 100% healed policy on or about October 31, 2013, as opposed to waiting
5  until the hearing on DFEH's motion to intervene on March 3, 2014 to raise the issue. *See*
6  Opp'n at 9 & Warren Decl. ¶¶ 3-10, Docket No. 47.  Plaintiff, in contrast, argues that the
7  continuing violations doctrine shows that amendment is not futile, and that any delay in
8  amendment is a result of Defendant's refusal to stipulate and act in good faith.  Reply at 2-
9  3 & Schwarz Decl. ¶¶ 5-11, Docket No. 39-3 & Organ Decl. ¶¶ 3-7, Docket No. 39-4.  To
10 the extent the parties offer dueling versions of their adversary's bad faith and dilatory
11 motives, the Court must draw factual inferences "in favor of granting the motion." *Griggs*,
12 170 F.3d at 880.  The Court notes, however, that even if Defendant's version of events
13 were credited, the Court would find that Defendant failed to make the required "strong
14 showing" that Plaintiff acted in bad faith and with the dilatory motive necessary to
15 overcome the presumption in favor of granting leave. *Eminence Capital*, 316 F.3d at 1052.
16 Thus, these remaining *Foman* factors do not counsel against granting leave to amend.
17       Accordingly, with good cause appearing, the Court GRANTS Plaintiff's motion for
18 leave to file the proposed amended complaint.  The **April 21, 2014** hearing on the motion
19 is VACATED.  The amended complaint shall be filed no later than **April 28, 2014**.

21 **IT IS SO ORDERED.**

23 Dated:   04/17/14                              _____
                                                  THELTON E. HENDERSON
24                                                United States District Judge

7